QUESTIONS: 1. Is the Sanitarians' Registration Board required to furnish examination results to the candidate for examination or anyone else who might request it? 2. Is the Sanitarians' Registration Board required to give out test scores to anyone who requests such scores? 3. Does a candidate, regardless of whether he or she passed or failed the examination, have a right to see not only his examination but the examination sheet as well?
SUMMARY: The written, taped, or sound recordings of examination results, examination sheets, and administered examinations of the Sanitarians' Registration Board are public records pursuant to Ch.119, F.S., and shall be open for inspection at all reasonable times by any person. Certified copies or reproductions of such records shall be provided by the board to any person upon payment of fees as prescribed by law and payment of such compensation as may be prescribed by the custodian of such records for furnishing or supervising the making of such reproductions, including the use of and expense of operation of public property and equipment. Section 491.04(3), F.S., which relates to the general powers and duties of the Sanitarians' Registration Board, provides as follows: It shall be the duty of this board to carry out the provisions of this act, except appoint members thereto, review applications for registration, conduct written and oral examinations, keep records of its transactions, conduct hearings, make an annual and financial report and record all matters which appropriately may come before it. These records shall at reasonable times be open to examination by the public. Copies of the annual and financial reports shall be mailed to all registered sanitarians. There is no provision of Ch. 491, F.S., the Sanitarians' Registration Act, which makes examination scores, examination sheets, or the examination itself (after the examination has been given) confidential, prohibits inspection, or exempts such information from Ch. 119, F.S. Section 119.07(2)(a). The prerogative of designating a public record confidential or excepting it from the Public Records Law belongs exclusively to the legislature. Attorney General Opinion 071-394. In the absence of such legislative direction, all records, as defined in s.119.011, are subject to and within the purview of the Public Records Law. Attorney General Opinion 074-215. The Public Records Law declares, at s. 119.01, F.S., that all state, county, and municipal records shall at all times be open for personal inspection of any citizen of Florida and those in charge of such records shall not refuse this privilege to any citizen. Section119.011(1), F.S., defines "public records" as . . . all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency. (Emphasis supplied.) "Agency" is defined to include "any state, county or municipal officer, department, division, board, bureau, commission or other separate unit of government created or established by law." (Emphasis supplied.) Section 119.011(2), F.S. Since one of the statutory duties of the board is to conduct written and oral examinations, I am of the opinion that the written or taped or sound recordings of examination results, test sheets, and administered exams conducted by board are public records pursuant to s. 119.011(1), F.S., and, accordingly, are open to inspection at all reasonable times by any person. Section 119.07(1), F.S. If requested, certified copies or reproductions of such examination results, test sheets, and administered exams shall be furnished upon payment of fees as prescribed by law and payment of such compensation as may be prescribed by the custodian of such records pursuant to s. 119.08, F.S., for furnishing or supervising the making of such reproductions, including the use of and expense of operation of public property and equipment. Attorney General Opinions 072-152 and 072-413. Also see s. 119.08, F.S., for procedures relating to the photographing of public records under the supervision of the custodian of such records and the compensation of the custodian for supervisory services in connection with the photographing of public records. Moreover, there is no requirement that a citizen of this state show any special need or interest in the records sought in order to be entitled to examine or inspect records falling within the statutory definition of "public records." State v. Pace, 159 So. 679 (Fla. 1935); AGO 072-413. It might also be noted that Ch. 267, F.S., the Florida Archives and History Act, sets forth certain requirements relating to the preservation of public records which must be followed by every state board which falls within the definition of "agency" set forth at s.267.021(3). For example s. 267.051(8) prohibits an agency from destroying or disposing of any public record unless approval by the division of archives, history and records management is first obtained. Section 267.051(7) requires an agency to submit to the division in accordance with the rules and regulations of the division . . . a list or schedule of records in its custody that are not needed in the transaction of current business and that do not have sufficient administrative, legal, or fiscal significance to warrant further retention by the agency. Such records shall, in the discretion of the division, be transferred to it for further retention and preservation as herein provided or may be destroyed upon its approval. Each agency is further charged with the statutory duty to cooperate with the division in complying with Ch. 267, F.S., and establishing and maintaining an active and continuing program for the economical and efficient management of records. Section 267.051(6)(a) and (b).